IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ORLANDO PEREZ,                          )
M46724,                                 )
                                        )
                    Plaintiff,          )
                                        )     Case No. 22-cv-2059
vs.                                     )
                                        )
OFFICER LISTER,                         )
WARDEN MONTI,                           )
                    Defendants.         )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Orlando Perez, an inmate of the Illinois Department of Corrections (IDOC) at Centralia Correctional Center (Centralia), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  (Doc. 7).  Initially, Plaintiff filed a standalone Motion for Preliminary Injunction or Temporary Restraining Order (Doc. 1), but he was directed to file a complaint because a motion for injunctive relief is not a proper document to initiate litigation.  Plaintiff has now filed a complaint concerning Defendant Lister's conduct towards him, and he has renewed his request for an injunction.

Plaintiff's Complaint (Doc. 7) is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune

from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth*

*Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on August 28, 2022, some cells at Centralia were without

power. (Doc. 7 at 3). Defendant Lister, who presumably responded to the situation, said

that "somebodies doing some bullsh*t and when I find out there will be hell to pay."

Later the same day, Plaintiff alleges that other inmates saw Lister enter his cell without a

shakedown slip or warrant, and outside of the presence of him and his cellmates. On

August 29, 2022, Plaintiff alleges that Lister somehow planted rubber gloves in his cell,

and then called him to his cell and insisted there was a tattoo machine inside. As part of

this incident, Lister lifted Plaintiff's shirt and insisted that a tattoo was brand new,

although Plaintiff claims the tattoo was old and was documented in his inmate file. Lister

used the discovery of the gloves to pull Plaintiff aside to "blackmail, coerce, and threaten

[him]." (Doc. 7 at 4). Plaintiff alleges that Lister tried to get him to form an allegiance

with Lister based on race. Lister threatened disciplinary action or a potential inability to

earn good time credit if Plaintiff did not cooperate.

Plaintiff seeks the preservation of video footage that he believes would reveal

Lister's actions. He states "see records or documents if produced by DOC where I began

exhausting remedies for later litigation in these records." (Doc. 7 at 5). Although he does

not explicitly say so, it sounds like Plaintiff got some sort of disciplinary ticket from Lister.

Plaintiff seeks a restraining order against Lister.  He also seeks compensatory damages.  Plaintiff alleges that as a result of this conduct he has suffered headaches, loss of appetite and loss of sleep.

Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order is premised on the same facts.  (Doc. 1).

In support of his complaint, Plaintiff submitted an emergency grievance on August 29, 2022.  (Doc. 7 at 8).  The grievance was deemed a non-emergency on September 1, 2022.  (*Id.*)

## Analysis

Claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in a constitutional violation.  *See e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.") *citing Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994).  "A complaint must contain enough details to connect an individual defendant's actions with a discrete harm.  *See e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Additionally, to state a valid claim under § 1983, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that said violation caused the plaintiff an injury or damages.  *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (affirming summary judgment against an inmate because he did not identify an injury beyond minor scratches).

Plaintiff does not identify any specific legal theories in association with his claims, beyond the assertion that his complaint is filed pursuant to § 1983.  However, pro se

pleadings are reviewed with great deference, so the Court reviewed Plaintiff's pleadings in a light most favorable to him.  Under this standard of review, it is possible that Plaintiff intended to raise a Fourth Amendment claim, because he noted that his cell was searched without a warrant or shakedown slip.  The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. CONST. AMEND. IV.  Generally, the validity of a search is reviewed by balancing the need for a search against the invasion of personal rights that the search entails.  *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).  However, the Supreme Court has explicitly held that the Fourth Amendment's prohibition of unreasonable searches does not apply to those conducted "within the confines of a prison cell."  *Hudson v. Palmer*, 468 U.S. at 517, 526 (1984).  Because Plaintiff's allegations relate to the search of a prison cell, he cannot state a claim against Defendant Lister under § 1983 and the Fourth Amendment.

As to Plaintiff's allegations that Lister attempted to blackmail him, or otherwise harassed him, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."  *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).  Plaintiff's allegations are that Lister tried to coerce him to cooperate with internal affairs, and that Lister has taunted him in front of other inmates.  From the face of the complaint, these instances of harassment appear relatively isolated, and have not led to any material harm to Plaintiff.  As such, Plaintiff has failed to state any claim against Lister on the basis of harassment.

As the Court noted above, Plaintiff hinted at the existence of disciplinary proceedings, but he did not fully explain if those ever occurred, or what happened as a result of any such proceedings.  Even if Plaintiff elaborated on this topic, it is possible he failed to state a claim because only some disciplinary consequences are actionable.

As to Defendant Monti, Plaintiff did not make any mention of actions Monti personally took, so there is no sufficient claim against Monti.

Finally, the Court notes that it does not appear that Plaintiff has fully exhausted the claims presented in this case.  Plaintiff attached a single emergency grievance to his complaint, but the grievance was ultimately deemed a non-emergency.  The IDOC grievance process permits an inmate to file an emergency grievance directly to the CAO. *See* 20 ILL. ADMIN. CODE § 504.840(a). If the CAO determines that the grievance is a non-emergency, the prisoner is notified in writing that the prisoner may resubmit the grievance as a non-emergency and move forward with the standard grievance process. *See* 20 ILL. ADMIN. CODE § 504.840(c).  Plaintiff's grievance was denied emergency status, so to exhaust the grievance he would have been required to file the grievance pursuant to normal procedures.  Emergency status was denied on September 1, 2022, and Plaintiff filed his complaint on September 22, 2022.  It is highly unlikely that he finished the grievance process before filing the complaint.  "[A] sue first exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020).  Thus, Plaintiff's complaint may be unexhausted and subject to dismissal.

This analysis of Plaintiff's complaint is not exhaustive.  There may be other insufficiencies with claims presented that the Court has not specifically addressed here.

The overarching issue is that Plaintiff's complaint does not identify conduct that amounts to a constitutional violation.  Rather than dismiss the case in the entirety, the Court will give Plaintiff an opportunity to file an amended complaint.  An amended pleading will completely replace the original, so Plaintiff needs to include everything that he wants considered in a single document.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Failure to file a timely amended complaint will result in the dismissal of this lawsuit.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A.

### Plaintiff's Motion for Preliminary Injunction

Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Doc. 1), which he re-attached to his complaint (Doc. 7-2 at 1-4), will be denied.  To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief.  *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).  As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).  Here, Plaintiff's Complaint and the allegations in his Motion for a Preliminary Injunction are not sufficient to demonstrate a likelihood of success on the merits of the underlying claims because, as explained above, plaintiff's allegations are insufficient to state a claim.  Plaintiff's Motion will be **DENIED** without

prejudice because he cannot secure injunctive relief if he has not established an underlying claim.

## Disposition

Plaintiff is **DIRECTED** to file an Amended Complaint within 30 days of this Order. To assist him with preparing an amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the standard civil rights complaint form along with this Order. If Plaintiff fails to file an amended complaint, his case may be dismissed for failure to state a claim or failure to prosecute. Plaintiff's Motions for Injunctive Relief (Docs. 1, 7-2) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: September 26, 2022

DAVID W. DUGAN
United States District Judge